# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JERON JOHNSON, Register No. 1073187, )
                                                          )
                  Plaintiff, )
                                                          )
                      v. )          No. 08-4023-CV-C-SOW
                                                          )
LARRY CRAWFORD, et al., )
                                                          )
                  Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Jeron Johnson brought this suit under 42 U.S.C. § 1983, alleging that his constitutional rights were violated in April 2007, when he was chained to a bench with his hands cuffed behind his back and then, many hours later, placed in a cell under special security orders. The parties have filed several motions which are now fully submitted.[1]

### Motions to Dismiss

Defendants Crawford, Dormire, Jones, Rascher, Surface and Woods have moved for dismissal for plaintiff's failure to state a claim against them. Specifically, these defendants assert plaintiff has failed to set forth any facts showing their personal involvement in the incidents giving rise to this lawsuit. By separate motion, defendant Powell has also moved for dismissal on the same basis.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In his complaint, plaintiff states that Sgt. Powell was a correctional officer assigned to Housing Units 7 and 8 during the relevant time. Sgt. Powell is not otherwise mentioned in the complaint, and plaintiff has made no factual allegations in the complaint showing Powell's involvement in the alleged constitutional violations. In response to defendant's motion, plaintiff states in Doc. 53 that defendant Powell "denied me of food and restroom on 4-19-08 and had to wait until the next shift came on to utilize access to restroom, which is cruel and unusual punishment."

The court assumes plaintiff erred when he used the 2008 date in Doc. 53, and that he intended to state he was denied food and access to the restroom in April 2007. Some of the attachments plaintiff has included with his pleadings indicate he was given or should have been given access to the restroom every two hours. Plaintiff's response to the motion does not state whether he specifically asked defendant Powell for access to the restroom or for food, or how long after he requested access to the restroom that he had to wait for the next shift.

The Eighth Amendment proscribes punishment that involves the "unnecessary and wanton infliction of pain" and that is "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153 (1976). In determining whether inmates' conditions of confinement violate the Eighth Amendment, the court looks at the "totality of the circumstances" that make up those conditions. See Rhodes v. Chapman, 452 U.S. 337, 363

2

(1981); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), on appeal after remand, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985). Further, the court must apply the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To be held liable, officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [they] must also draw the inference." Id. Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment. Id.

Conditions are not cruel and unusual merely because they are harsh or uncomfortable. To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life. Brown v. Nix, 33 F.3d 951 (8th Cir. 1994). Clearly, constitutionally adequate food and access to a restroom are considered basic necessities of life.

With regard to defendant Powell, however, plaintiff has not alleged facts showing that defendant Powell had personal knowledge of his needs, delayed his access to the restroom for a significant period, or delayed his access to food to a point that it constituted deliberate indifference to his health or safety. Defendant's mere presence in the housing unit during the relevant time and/or his delay of food and restroom facilities for a short time while he was busy is not sufficient to state a claim for relief. Accordingly, defendant Powell's motion to dismiss will be recommended granted.

Defendants Crawford, Dormire, Jones, Rascher, Surface and Woods also claim plaintiff has failed to allege facts showing they were personally involved in the alleged violation, and thus, they too are entitled to dismissal of the claims against them.

Defendant Dormire is the superintendent of the institution and plaintiff alleges, in his complaint, that he was told the superintendent ordered that he be placed on special security orders. While this does not show personal involvement in the events occurring while plaintiff was handcuffed and shackled to the bench, it does suggest some knowledge of the events at or near the time of the incident, and shows some involvement in the conditions of plaintiff's confinement once he was moved to a cell. While these facts, if proven, may not be enough to

3

withstand a motion for summary judgment, they are sufficient to allow plaintiff to proceed at this stage against defendant Dormire.

Plaintiff identifies Arthur Woods as the assistant superintendent, Larry Crawford as the director of the Department of Corrections and Lisa Jones as the constituent service officer. His only allegations against these individuals are that they did not take corrective action when notified of the alleged violations. Plaintiff states, however, that he wrote to them after his property was returned. Plaintiff has not set forth any facts which show their involvement at the time of the events or that they had actual knowledge at the time and could have taken corrective action, but did not do so. By the time plaintiff notified them, circumstances had changed and plaintiff was not being subjected to the conditions about which he complained.

Further, a supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

To the extent plaintiff asserts in his responses that these individuals were responsible for the policies that led to the allegations in this case, he has not set forth proper facts to state the policies were unconstitutional. Instead, plaintiff has set forth facts inferring the individuals using the policies in the housing units violated his constitutional rights in that they either failed to follow the policies correctly or they unreasonably prolonged the incident in a manner creating a separate constitutional violation.

Under the facts alleged, plaintiff has failed to state a claim against defendants Crawford, Jones and Woods and the claims against them will be recommended dismissed.

Defendant Rascher is identified as a corrections officer who was working in the housing unit at the time plaintiff was shackled to the bench. Plaintiff asserts he asked defendant Rascher for a meal tray while he was shackled and defendant Rascher told him he couldn't give him one, pursuant to the superintendent's orders. Documents submitted by

4

plaintiff state that inmates are only provided meal trays while in cells, and are not provided meal trays, for security reasons, when they are on the bench or outside their cells. Thus, defendant Rascher may have been referring to institutional policy, or to specific instruction from defendant Dormire. Nevertheless, this exchange between plaintiff and defendant Rascher is insufficient to state a constitutional violation. Defendant Rascher's not providing plaintiff with a meal tray on one occasion, in accord with institutional policy or with specific direction, does not show deliberate indifference to a serious risk of harm to plaintiff's health. There are no facts pled alleging defendant Rascher knew plaintiff had not been fed for a substantial period, that he was involved in or had any control over plaintiff's placement on the bench, or that he was otherwise responsible for the change in the conditions of plaintiff's confinement pending plaintiff's assignment to a new cell. Accordingly, the claims against defendant Rascher will be recommended dismissed.

Defendant Tammy Surface requests dismissal of the claims against her because the facts alleged do not amount to a constitutional violation. She acknowledges that plaintiff states she directed officers to take plaintiff to Housing Unit 8 and that she made comments about what was awaiting him once he got there. Giving plaintiff's complaint a liberal reading, he will be allowed to proceed on his claims against defendant Surface. He should be afforded an opportunity during discovery to determine what she knew and the extent of her participation in the events. His claims may be insufficient to withstand a motion for summary judgment, and if he learns he does not have sufficient evidence to prove she was personally involved in an Eighth Amendment violation, plaintiff should consider voluntarily dismissing his claims against her.

**Other Motions**

On June 30 and July 1, 2008, plaintiff filed documents which he titled motions for judgment on the pleadings. Plaintiff's documents request discovery and a trial of the issues, and respond to the motion to dismiss. They do not appear to be motions for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), and plaintiff indicates he needs additional discovery. Therefore, plaintiff's motions will be treated as additional responses to the motion to dismiss, and the motions will be recommended procedurally denied as moot.

On July 10, 2008, plaintiff requested appointment of counsel. A review of the record indicates plaintiff's prior motion was denied, without prejudice. There have been no changes in circumstances since the previous motion was denied and appointment of counsel is not warranted at this time. Plaintiff's pleadings have been articulate and have indicated that he has a fair understanding of what he needs to do to proceed at this stage.

IT IS, THEREFORE, ORDERED that plaintiff's motion of July 10, 2008, for appointment of counsel is denied, without prejudice. [46] It is further

RECOMMENDED that plaintiff's motions of June 30 and July 1, 2008, for judgment on the pleadings be procedurally denied as moot and that they be treated as responses to the motion to dismiss. [37, 40] It is further

RECOMMENDED that defendant Powell's motion of July 11, 2008, to dismiss for plaintiff's failure to state a claim be granted, and the claims against defendant Powell be dismissed. [49] It is further

RECOMMENDED that the June 20, 2008 motion to dismiss for failure to state a claim be granted with respect to the claims against defendants Larry Crawford, Lisa Jones, Arthur Woods and Mr. Rascher; and denied with respect to the claims against defendants Dave Dormire and Tammy Surface. [35]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

Dated this 6th day of August, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7