# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

JERON JOHNSON, Register No. 1073187,    )
    )
        Plaintiff,    )
    )
       v.    )    No. 08-4023-CV-C-SOW
    )
LARRY CRAWFORD, et al.,    )
    )
        Defendants.    )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Jeron Johnson, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

A follow-up telephone conference on December 8, 2008, with plaintiff participating by telephone, and counsel for defendants appearing in person.

Discussed at the conference were plaintiff's claims regarding medical attention for his suicidal thoughts[2] and problems with delay of his mailings and receipt of mail. Plaintiff advised it is taking about fourteen to eighteen days to receive filings from the court and for his filings to be received by the court.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]On October 7, 2008, a conference was held regarding plaintiff's letter to the court (Doc. 78) requesting medical attention for his suicidal thoughts.

226 (8th Cir. 1985).  In <u>Dataphase Systems, Inc. v. C.L. Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

<u>Id.</u> at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  <u>Rogers v. Scurr</u>, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting <u>Holiday Inns of America, Inc. v. B. & B. Corp.</u>, 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  <u>Dataphase</u>, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  <u>United States v. Dorgan</u>, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  <u>Devose v. Herrington</u>, 42 F.3d 470 (8th Cir. 1994).

Despite his allegations of delay, plaintiff did confirm he was receiving his mail, and this court confirmed that plaintiff's filings were being received by the court.  Plaintiff was advised that because the mail was being received, although somewhat delayed, the court would not take action at this time.  However, plaintiff was advised he could request extensions of time, when necessary, due to mail delays.  Plaintiff also confirmed that he has been able to obtain assistance from the prison in obtaining legal supplies, and therefore, has been able to make necessary filings in this case.  Plaintiff's motions for injunctive relief regarding his mail should be denied.

Regarding plaintiff's medical claims, he confirmed at the conference that he did receive help for his previous suicidal thoughts and is now seeing a psychiatrist and is doing all right.

Plaintiff's motions regarding discovery were also addressed. Defense counsel was advised to send to plaintiff and file with the court notice of whether there was existing videotape or pictures of plaintiff on the restraint bench, or pictures generally of the restraint bench. If such evidence exists, defense counsel is to make it available to plaintiff.

Plaintiff made a oral motion for appointment of counsel. Plaintiff's two previous requests were denied on April 23 and August 6, 2008. There has been no significant change of circumstances since that time. Therefore, for the reasons previously set forth,

IT IS ORDERED that plaintiff's oral motion for appointment of counsel is denied, without prejudice. [99] It is further

ORDERED that plaintiff's discovery motions are denied, without prejudice. [84, 86, 91] It is further

ORDERED that defendants provide discovery to plaintiff as set forth specifically at the conference, and file with this court, confirmation as to whether or not they have the discovery requested by plaintiff. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief regarding delay of mail be denied. [95, 96] It is further

RECOMMENDED that plaintiff's request for medical attention regarding his suicidal thoughts be denied as moot. [78]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4